No——

First Circuit

**BOURGEOIS v. DR. MARTIN**

(January 7, 1927. Opinion and Decree.)

(*Syllabus by the Editor*)

1. **Louisiana Digest—Appeal—Par. 625.**

The finding of the trial court in a matter of fact, namely, the value of land, being clearly correct, is affirmed.

2. **Louisiana Digest—Sales—Par. 70, 80, 85; Evidence—Par. 350, 352.**

In a suit for rescission of sale on account of lesion beyond moiety the value of the land must be established by the plaintiff by strong and conclusive evidence.

Appeal from District Court, Jefferson Davis Parish. Hon. Thos. F. Porter, Judge.

Action by Austin Bourgeois against Dr. Claude A. Martin.

There was judgment for defendant and plaintiff appealed.

Judgment affirmed.

Robira & Jones, of Lake Charles, attorneys for plaintiff, appellant.

Cline & Plauche, of Lake Charles, attorneys for defendant, appellee.

LECHE, J. Plaintiff sues to avoid a sale of twenty-six acres of land, which he made to defendant for five hundred and fifty dollars, on the ground that the price was vile and less than one-half of the real value of the property.

The right of action to set aside a sale for lesion is granted and regulated by Arts. C. C. 1860 et seq. The remedy given for this injury, says the Code, is founded on its being the effect of implied error or imposition, because in every commutative contract equivalents are supposed to be given and received. One may only avail himself of this right of action in partitions, where the difference in the value of the portions exceeds the amount of one-fourth, and in sales of immovable property, where the price given is less than one-half of the value of the thing sold. The value must be fixed as it existed at the time when the sale took place.

The right to avoid a sale for lesion originated under the Roman law. It was at first recognized by the old French jurisprudence and then abandoned, but when the French Code was adopted it was reestablished, though in a much modified form. The compilers of our own Code, in Louisiana, with slight changes, made it a part of our own system; hence the articles in Paragraph 10, Section 2, Chapter 2 of the fourth title in our Civil Code. Baudry-Lacantinerie, one of the most renowned among the French civil law commentators, whose opinions have always been respected and often quoted by the courts of this state, says in his "Precis de Droit Civil" that the Civil Code perhaps made a backward step in borrowing this system from the Roman law, and adopting it as part of the law of France, though modified in some of its details. The reasons given to justify lesion as a cause for the rescission of sales of immovables are very weak. The lawmaker seems to have considered that the owner who sells his property for less

than one-half its value accepts such an unacceptable price under the influence of some moral constraint to which it is impossible for him to resist. He needs money and must have it by selling at any price. His consent thus given is considered unreasonable and the law comes to his rescue by authorizing him to demand a rescission of the sale.

On the other hand, it may be said that the purchaser has the right to assume that the owner is endowed with reason, has the liberty of contract and is free to do what he pleases with his property as long as he does not infringe upon the rights of others, but that such purchaser, under this paternalistic system, is never free of the danger of a demand on the part of the owner for rescission on account of lesion.

It is, however, the law, and courts should construe and enforce it, regardless of its wisdom or of the motives which induced the lawmaker to adopt it. But in its enforcement proof of the value of the the property must be strong and conclusive. In the case of Demaret vs. Hawkins, 8 A. 483, the court says:

"The right to rescind a sale for lesion beyond moiety is the only restraint on the liberty of the citizen to bind himself or his property according to the dictate of his own judgment, and the evidence relied on to establish that right should be peculiarly strong and conclusive".

Quoted approvingly in Mayard et al vs. Laporte, 109 La. 101, 33 South. 98.

In the present instance the plaintiff has at most made out merely a doubtful case, and the proof is by no means strong and conclusive. The sale was made for a price averaging a little over twenty-one dollars per acre. The bulk of the testimony is to the effect that, for agricultural purposes, the land is not worth over thirty dollars per acre. But several witnesses for the reason,

as stated by them, that there was some "oil excitement" about the time of the sale, say that the land was worth from $45.00 to $50.00 per acre; one of them even said $60.00 per acre. It is conceded that these estimates are speculative. Dr. Arceneaux, Demarest, Williard and Dugas did not believe that the land was worth over thirty dollars per acre.

The trial judge, according to the recognized general rule, is better able to appreciate the credence due to the testimony of witnesses who appear and testify in his presence. He is also in a better position to know the ties of relationship and friendship by which the witnesses may be influenced in testifying for or against the litigants, and this is especially true in cases which depend upon opinion evidence as does the present one. Our learned brother of the District Court believed that plaintiff had failed to produce strong and conclusive proof in support of his demand and therefore rejected the same. We see no reason to reverse his finding.

The judgment appealed from is therefore affirmed.